IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 24-cv-01636-SKC-CYC

ELIJAH SMITH,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
MIKE'S RESTAURANT GROUP d/b/a HAYTER'S & CO.,
ADAM GLASBY, in his individual capacity, and
ERNEST SANDOVAL, in his individual capacity,

    Defendants.

## ORDER OVERRULING CITY AND COUNTY OF DENVER'S OBJECTION TO DISCOVERY ORDER (DKT. 70)

The above-referenced Objection (Dkt. 70) to Magistrate Judge Cyrus Y. Chung's February 3, 2025 discovery order (Dkt. 65) is now before the Court. Plaintiff filed a Response. Dkt. 73. Because Judge Chung's discovery order is neither clearly erroneous nor contrary to law, the Objection is overruled.

### BACKGROUND

Plaintiff alleges that on the night of June 12, 2023, his friend became involved in a physical altercation outside a local restaurant. Plaintiff claims he attempted to defend his friend when Plaintiff was grabbed from behind by Defendant Adam Glasby, an off-duty Denver police officer working as a bouncer for the restaurant.

1

Plaintiff alleges Glasby lifted him off the ground and slammed him headfirst into the concrete, causing injuries. Plaintiff also sued Denver under 42 U.S.C. § 1983 asserting a *Monell* claim and arguing that it is liable for Glasby's alleged use of excessive force on Plaintiff. Plaintiff's *Monell* claim asserts a pattern and practice of excessive force within the Denver Police Department (DPD), as well as a custom or policy in which it tolerates and accepts the excessive use of force based on an alleged failure to adequately investigate or discipline police officers for alleged instances of excessive force.

During discovery, and in relevant part, Plaintiff served Denver with his Interrogatory No. 1 and Request for Production No. 5. These requests ask Denver to identify, describe, and provide all documents for every complaint (formal or informal) of excessive force, failure to render aid, battery, intentional infliction of emotional distress/outrageous conduct, negligence, and/or negligent hiring and supervision made against Denver and its employees from June 1, 2013 to the present. Denver objected to these requests on the basis that they are overly broad, unduly burdensome, and disproportionate to the needs of this case. Denver also objected to the extent the requests sought irrelevant information, information protected by law enforcement privilege, and might infringe on employees' right to privacy. But it did initially produce the Internal Affairs ("IA") resumes of Glasby and Defendant Sandoval which list and describe the IA complaints made against each of them, as

2

well as IA files for the respective investigations of each Defendant related to the June 2023 incident.

The parties raised their unresolved disputes over these discovery requests with Judge Chung. Denver submitted its Discovery Dispute Statement to Judge Chung as part of the informal discovery resolution process. Dkt. 70-2. In its statement, Denver raised numerous arguments regarding these two discovery requests, including:

> [T]his request is vastly overbroad and disproportional to the needs of the case. This request is not sufficiently specific to allow Defendants to comply through reasonable efforts, particularly considering the breadth of the request. The request is not limited to claims which are sufficiently similar to the claims here. Further, the request is not limited to claims against the Denver Police Department, but also requests Denver provide responses as to all Denver employees and contractors as well as the Denver Sheriff's Department.

Dkt. 70-1, pp.3-4. It further argued "the only relevant complaints would be those which involve allegations substantially similar to those here – namely, claims related to off-duty Denver Police Department officers engaged in work as a bouncer where there are allegations of excessive force or claims involving officers engaging in criminal conduct." *Id.* at p.5. And finally, it argued: the 12-year period of documentation Plaintiff requests is vastly overbroad because it is too temporally removed from the incident and irrelevant to the claims and defenses; incidents occurring after an incident cannot be used to show an unconstitutional policy; the requests should be limited to founded complaints or meritorious lawsuits; and, the process to parse-out complaints would require employee review and create an undue burden. *Id.* at pp.5-7. Denver asked the magistrate judge to "significantly narrow the

3

scope of Plaintiff's request regarding IA files and complaints to incidents sufficiently similar to this case, formal complaints, and to incidents occurring within a reasonable timeframe." *Id.* at p.7.

After a discovery hearing, Judge Chung narrowed the scope of these discovery requests and ordered as follows:

> With respect to Interrogatory No. 1 and Document Request No 5, the City and County of Denver shall produce claims of excessive force and failure to render aide related to the Denver Police Department for the period of 5 years prior to the incident and up to September 2, 2025, as specified on the record.

Dkt. 65.

## STANDARD OF REVIEW

Upon a timely objection, a district judge may modify or set aside a magistrate judge's order on a non-dispositive matter to the extent the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This standard requires affirmance unless the district judge is left with the "definite and firm conviction" that a mistake was made. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (cleaned up). This is a high bar. *Box Elder Kids, LLC v. Anadarko E & P Onshore, LLC*, No. 20-cv-2352-WJM-JPO, 2024 WL 3963505, at *5 (D. Colo. Aug. 16, 2024). It leaves no room for modifying or setting aside a magistrate judge's non-dispositive order simply because the district judge might have ruled differently in deciding the matter in the first instance. *Id.*

## ANALYSIS

There is little daylight, if any, between the matters Denver raises now in its Objection to the discovery order and the arguments it made before Judge Chung. To be sure, in its Objection, Denver refers back to arguments it made before Judge Chung, to include referring this Court back to Denver's original discovery dispute statement. Dkt. 70, p.4 ("As Denver argued in its dispute statement, the production should be limited to substantially similar situations, like those involving the same types of force[.]"), p.5 ("Denver has also argued Plaintiff's *Monell* discovery should be limited to 'sustained' allegations[.]"), p.6 ("For these reasons, and incorporating its earlier arguments made to the Magistrate Judge, Denver asks this Court to sustain this objection.").

A party can't simply raise the same arguments that the magistrate judge considered and expect the reviewing court to treat the filing seriously. *Rosado–Lebron v. Comm'r of Soc. Sec.*, 193 F. Supp. 2d 415, 418 (D.P.R. 2002). It "is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2017 WL 11539508, at *2 (N.D. Ala. Jan. 20, 2017) (cleaned up). *See also MedEnvios Healthcare, Inc. v. United States Dep't of Health & Hum. Servs.*, No. 23-20068-CIV, 2024 WL 551837, at *2 (S.D. Fla. Feb. 12, 2024) (parties are not

5

to be afforded a second bite at the apple when they file objections); *Wheeler v. BMW of N. Am. LLC*, No. 3:20-CV-36-RJC-DSC, 2022 WL 301537, at *2–3 (W.D.N.C. Feb. 1, 2022) ("Defendant's Objection largely makes, and relies on, the same arguments already presented to and rejected by the Magistrate Judge rather than sufficiently presenting to the Court the reasons that the Magistrate Judge's Order is clearly erroneous or contrary to law.").

The arguments presented in Denver's Objection appear to be the same arguments presented to, and considered by, Judge Chung. *See Guiden v. Leatt Corp.*, No. 5:10-CV-00175, 2013 WL 4500319, at *6 (W.D. Ky. Aug. 21, 2013) ("The arguments now advanced . . . appear to be the exact same arguments previously considered and rejected by the Magistrate Judge."). With those arguments in mind, Judge Chung issued a discovery order that placed limits on the scope of Interrogatory No. 1 and Document Request No. 5, both temporally and by subject matter. And those limitations, though unsatisfying to Denver, are neither clearly erroneous nor contrary to law. Indeed, a core premise of Denver's arguments is that it "shouldn't be required to produce – at great burden – a host of materials that won't likely be admissible, even in the best case for Plaintiff." Dkt. 70 at p.8. But this argument ignores that a party is entitled to discover information relevant to asserted claims and defenses and proportional to the needs of the case regardless of its admissibility. Fed. R. Civ. P. 26(b)(1).

To the extent Denver complains about the burden resulting from the discovery order, first, it argued undue burden to Judge Chung and received the benefit of his discretion which limited the scope of the discovery requests. This Court finds those limitations are neither clearly erroneous nor contrary to law.

Second, Denver's burden argument raised in the Objection is further based on new information not presented to the magistrate judge, and therefore, the new argument is improper for this Court's consideration.[1] *See Fry v. City of Northglenn*, No. 16-CV-02318-PAB-KLM, 2018 WL 1010942, at *3 (D. Colo. Feb. 22, 2018) ("Because plaintiff did not present this argument to the magistrate judge, the Court need not consider it."); *United States v. Ledford*, No. 07-cv-01568-WYD-KMT, 2010 WL 749843, at *8 (D. Colo. Mar. 3, 2010) (arguments not brought to the attention of the magistrate judge will not be considered on review of non-dispositive motions); *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 302 (D. Kan. 2000) (review of objection to magistrate judge's order on non-dispositive motion is not a de novo review allowing a second shot based on new arguments).

---

[1] Denver concedes, based on a search it ran to comply with the discovery order, that "this information (the number of total files, pages, and videos) was not before the Magistrate Judge when the discovery Order was issued." Dkt. 70, p.8. Because this Court has referred discovery matters to the magistrate judge under 28 U.S.C. § 636 and Fed. R. Civ. P. 72(a), the proper approach to address the new information resulting from Denver's search would be to seek either a status conference or clarification from the magistrate judge in light of the new information bearing on compliance with his discovery order. Within the context of Denver's Objection, however, this newly discovered information that was never presented to the magistrate judge cannot be considered in a hindsight view to support a finding of clear error or legal contrariness.

\* \* \*

For the reasons shared above, the Court finds nothing in the Objection meets Denver's high burden of demonstrating Judge Chung's discovery order is clearly erroneous or contrary to law. The Objection is OVERRULED. The Motion to Stay at Dkt. 74 is DENIED as MOOT.

DATED: April 11, 2025

BY THE COURT:

_____
S. Kato Crews
United States District Judge