**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-01636-SKC-CYC

ELIJAH SMITH,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
MIKE'S RESTAURANT GROUP d/b/a HAYTER'S & CO.,
ADAM GLASBY, in his individual capacity, and
ERNEST SANDOVAL, in his individual capacity,

Defendants.

---

**DEFENDANT CITY AND COUNTY OF DENVER'S**
**ANSWER TO AMENDED COMPLAINT**

---

Defendant City and County of Denver ("Denver"), by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Amended Complaint and Jury Demand [Doc. 11] of Plaintiff Elijah Smith ("Plaintiff"). The below responses shall correspond to the like numbered paragraphs in the Plaintiff's Amended Complaint.

## I. INTRODUCTION

1. With respect to Paragraph one. Denver admits that Defendant Glasby was working for MRG as security on the night in question. Denver is without information sufficient to form a belief as to the truth or falsity of the balance of the allegations contained in Paragraph 1, therefore same are denied.

2. To the extent the allegations in paragraph 2 reference a lawsuit, the public record speaks for itself. Denver denies the remaining allegations in paragraph 2.

3. Denver with without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, therefore same are denied.

4. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, therefore same are denied.

## II. PARTIES

5. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, therefore same are denied.

6. Denver admits the allegations contained in Paragraph 6.

7. Denver admits the allegations contained in Paragraph 7.

8. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, therefore same are denied.

9. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, therefore same are denied.

## III. JURISDICTION AND VENUE

10. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, therefore same are denied.

11. Denver denies the allegations contained in Paragraph 11.

12. With respect to Paragraph 12, Denver affirmatively states that the terms of the cited Federal statutes speak for themselves and denies the allegations contained in Paragraph 12 to the extent the contents of those statutes are incorrectly stated.

13. Denver admits the allegations contained in Paragraph 13.

## IV. FACTUAL ALLEGATIONS

14. With respect to Paragraph 14, Denver admits that the Denver Nuggets won the NBA championship on June 12, 2023. Denver denies the balance of the allegations contained in Paragraph 14.

15. With respect to Paragraph 15, Denver admits that Hayter's served Nuggets fans on the night in question. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15, therefore same are denied.

16. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16, therefore same are denied.

17. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17, therefore same are denied.

18. With respect to Paragraph 18, Denver admits that Defendant Glasby was working security for MRG on the night in question. Denver is without information sufficient to form a belief as to the truth or falsity of the balance of the allegations contained in Paragraph 18, therefore same are denied.

19. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19, therefore same are denied.

20. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20, therefore same are denied.

21. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21, therefore same are denied.

22. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22, therefore same are denied.

23. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23, therefore same are denied.

24. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, therefore same are denied.

25. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, therefore same are denied.

26. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26, therefore same are denied.

27. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27, therefore same are denied.

28. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, therefore same are denied.

29. Denver admits the allegations contained in Paragraph 29.

30. To the extent the allegations in paragraph 30 deal with a criminal prosecution, the public record speaks for itself. Denver denies the allegations to the extent they are inconsistent with the public record.

31. Denver admits that it did not initially terminate Mr. Glasby, but that his P.O.S.T certification was ultimately terminated. Denver denies the remaining allegations in paragraph 31.

32. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32, therefore same are denied.

33. Denver admits that it received complaints on September 6, 2018, and June 5, 2020, alleging use of force by Mr. Glasby and that neither incident resulted in discipline against Mr. Glasby. Denver denies the remaining allegations in paragraph 33.

34. Denver admits the Denver Department of Safety ("DOS") is a division of the City and County of Denver, and the Mayor of Denver appoints its executive director and that DOS oversees both the DPD and the Denver Sheriff's Department ("DSD"). Denver denies the remaining allegations in paragraph 34.

35. Denver denies the allegations contained in Paragraph 35.

36. Denver denies the allegations contained in Paragraph 36.

37. Denver denies the allegations contained in Paragraph 37.

38. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38, therefore same are denied.

39–125. Denver admits it has been involved in multiple claims and lawsuits that involve allegations of excessive force. Denver denies Plaintiff's characterizations of those claims and lawsuits and denies any allegations that contradict the public record. Denver further denies that DPD not following any recommendations in the Report led to the violation of Plaintiff's constitutional rights.

126-128. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 126-128, therefore same are denied.

129-131. Denver admits an Independent Monitor Report was released, the terms of which speak for themselves. To the extent the allegations in Paragraphs 129-131 are inconsistent with that Report, Denver denies them.

132-136. Denver admits there was a trial in *Epps v. Denver*. The testimony and redirect speak for themselves, and Denver denies any allegations inconsistent with the public record. That case is currently on appeal.

**FIRST CLAIM FOR RELIEF**

137. All prior responses are incorporated herein.

138–140. The allegations in paragraphs 138-140 are legal conclusions, to which no response is required.

141-149. Denver is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 141-149, therefore same are denied.

150-152. Denver denies the allegations in Paragraphs 150-152.

153-155. Denver denies the allegations in Paragraphs 153-155 to the extent they refer to Denver. To the extent the allegations refer to other Defendants, Denver is without sufficient knowledge to admit or deny the allegations, therefore same are denied.

**SECOND CLAIM FOR RELIEF**

156. All prior responses are incorporated herein.

157-158. The allegations in Paragraphs 157-158 are legal conclusions, to which no response is required.

159-169. Paragraphs 159-169 do not state allegations against Denver; therefore, no response is required. All allegations contrary to the interests of Denver are denied.

**THIRD CLAIM FOR RELIEF**

170. All prior responses are incorporated herein.

171-173. The allegations in Paragraphs 171-173 are legal conclusions, to which no response is required.

174-183. Paragraphs 174-183 do not state allegations against Denver; therefore, no response is required. All allegations contrary to the interests of Denver are denied.

**FOURTH CLAIM FOR RELIEF**

184. All prior responses are incorporated herein.

185-186. The allegations in Paragraphs 185-186 are legal conclusions, to which no response is required.

187-197. Paragraphs 187-197 do not state allegations against Denver; therefore, no response is required. All allegations contrary to the interests of Denver are denied.

**FIFTH CLAIM FOR RELIEF**

198. All prior responses are incorporated herein.

199-202. Paragraphs 199-202 do not state allegations against Denver; therefore, no response is required. All allegations contrary to the interests of Denver are denied.

## SIXTH CLAIM FOR RELIEF

203. All prior responses are incorporated herein.

204-209. Paragraphs 204-209 do not state allegations against Denver; therefore, no response is required. All allegations contrary to the interests of Denver are denied.

## SEVENTH CLAIM FOR RELIEF

210. All prior responses are incorporated herein.

211-217. Paragraphs 211-217 do not state allegations against Denver; therefore, no response is required. All allegations contrary to the interests of Denver are denied.

## EIGHTH CLAIM FOR RELIEF

218. All prior responses are incorporated herein.

219-222. Paragraphs 219-222 do not state allegations against Denver; therefore, no response is required. All allegations contrary to the interests of Denver are denied.

## AFFIRMATIVE DEFENSES

1. Denver's actions complied with all constitutional, statutory, and common-law obligations.

2. Plaintiff's claims may be barred or limited by the common law doctrine of official immunity, *see Leake v. Cain*, 720 P.2d 152 (Colo. 1986); *Moody v. Ungerer*, 885 P.2d 200, 204-205 (Colo. 1994); *Walker v. Denver*, 720 P.2d 619 (Colo. App. 1986).

3. Plaintiff's claims are limited or barred by his own actions including

comparative fault and assumption of risk.

4. Plaintiff's claims are barred or limited by the provisions of the Colorado Governmental Immunity act, C.R.S. § 24-10-101, et. seq.

5. Plaintiff's Amended Complaint improperly adds a claim of exemplary damages as prohibited by the procedures under C.R.S. § 13-21-102(1.5).

6. Plaintiff's injuries and damages, if any, were proximately caused by the acts or omissions of others over who Denver possessed no ability or opportunity or right to control.

7. Plaintiff failed to mitigate any damages he allegedly sustained as a result of the events described in the Amended Complaint.

8. Plaintiff's damages, if any, are not of the nature and extent alleged.

9. Some or all of Plaintiffs' alleged injuries were not proximately caused by any act or omission of or by Denver.

10. Denver's policies were, at all relevant times, in conformance with established constitutional and statutory standards with respect to all issues relevant to this action.

11. Denver's training and supervision of its police officers met with or exceeded constitutional and statutory standards with respect to all topics relevant to this action.

12. Denver is not liable for any punitive damages pursuant to federal law in connection with this matter.

13. Some of the claims asserted by Plaintiff are duplicative of one another and cannot be the basis for any duplicative recovery.

14. Defendant specifically reserves the right to amend this Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

15. Defendant incorporates by reference all affirmative defenses pled by any other Defendant in this action.

**CITY AND COUNTY OF DENVER DEMANDS A JURY TRIAL ON ALL CLAIMS TRIABLE**

Dated this 12th day of September 2025.

Respectfully submitted by,

*s/ Mark T. Barnes*
Mark T. Barnes, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 W. Colfax Avenue, Dept. 1108
Denver, Colorado 80202-5332
Telephone: (720) 987-3165
Facsimile: (720) 913-3155
mark.barnes@denvergov.org
*Attorney for Defendant City and County of Denver*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September 2025, the foregoing **DEFENDANT CITY AND COUNTY OF DENVER'S ANSWER TO AMENDED COMPLAINT** was filed with the Clerk of the Court via the CM/ECF system which will send a notification of such filing to the following:

Andy McNulty
Mari Newman
Madeline Leibin
Newman McNulty, LLC
andy@newman-mcnulty.com
mari@newman-mcnulty.com
madeline@newman-mcnulty.com
*Attorneys for Plaintiff*

Peter Doherty
Lasater & Martin, P.C.
peter@lasaterandmartin.com
*Attorney for Defendant Adam Glasby*

Victor M. Morales
Cody W. Goings
Wilson Elser Moskowitz Edelman and Dicker LLP
victormorales@wilsonelser.com
codygoings@wilsonelser.com
*Attorneys for Mike's Restaurant Group d/b/a Hayter's & Co.*

Alex M. Pass
The Lane Law Firm PC
apass@lanelawpc.com
*Attorney for Interested Party Sgt. Antonio M. Pass*

*s/ Sarah Peasley*
Denver City Attorney's Office